Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

Southern Division

SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

AUG 28 2020

BY _____ ARTHUR JOHNSTON DEPUTY

Demario Walker

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Pamera Robinson

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:20cv280LG-RPM

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

Danger 28USC§ 1915(g)

Imminent Danger

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## Imminent Danger of Serious Physical Injury. 28 USC 1915 (g)

Plaintiff Moves the Court to Proceed Under the Imminent Danger Provision of 28 USC § 1915(g).

## Circumstances and Details

Plaintiff has been labeled a "Snitch" By Defendant Marshall Turner. Because Plaintiff reported the Sexual Assault(s) and Physical assault(s) Via the Administrative remedy Program and Via Letter to Deputy Commissioner Jerry Williams. Plaintiff also reported the "Sex Ring". Plaintiff Turner Put Demario Walker in a housing unit where he was assaulted less than (2) two hours after arriving on the units by a known high ranking Gang member named Dupree.

Plaintiff filed a PREA Complaint relating to ongoing threats of Violence and Extortion at SMCI (and MSP on Dec 29, 2017).

Plaintiff has been Victim of Ongoing Violence and Beatings and Sexual assaults at MDOC. No one will assist him with Obtaining and getting Protection. The Plaintiff is a Pre Operative Transexual and is transgendered. Plaintiff is a Gender Non-Conforming inmate within the MDOC and has been Placed in a highly Dangerous living enviroment in order to deter him from Seeking redress.

Marshall Turner Was Warden at SMCI. He was Promoted and Transfered to MSP as Superintendent and he has Promised to make Plaintiff life "a living Hell" while in MDOC Or at MSP.

Plaintiff has to Continue to Participate in the Sex Ring in which MDOC Defendants Profit. During filing and Pendency Of Suit.

Based upon the above mentioned Plaintiff asserts that he meets the Provision of 28 USC § 1915 (g). Imminent Danger exception. Continued on page 2 ——>

Dated: 8/20/20   Signed: Demario Walker #L1685

## Immient Danger Page 2

The lack of an adequate Classification system that properly, Identify, Seperate, and house violent offenders, gang members, and vunerable and gender non conforming inmates, Poses and Immediate ongoing risk of Pervasive danger of physical and sexual assault. The Defendants failure to have an adequate Classification system has led to Numerous physical and Sexual assaults against the plaintiff and this threat is ongoing, real and Immient

The lack of a legitimate and adequate health care system or Procedure for providing adequate medical care for the plaintiff is a matter of life and death. Plaintiff has end stage COPD, Diabetes, Sickle Cell Diease, Cardiomyopathy and Seizures, unable to work or use hands, and is incontient, lack of adequate care leads to and couses extreme pain and suffering as well as deteriation of Physical and mental health

The 3 Strike Provision does not apply when a prisoner is in Immient danger of Serious physical Injury. 28 USC § 1915. On it's face, a Credible Allegation of Immient danger of Serious physical Injury meets the Statutery requirement. Gibbs v Roman 116 F.3d 83, 86-87 (3d Cir 1997); White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) Cert denied 119 S.Ct. 1150 (1999). To meet the Serious Physical Injury requirement, injury need not be so serious as to be an 8th amendment vidation in itself. The risk of future injury is enough to invoke the Immient danger exception.

Failure to stop staff and inmates from physically and sexually assaulting plaintiff will cause additional future Injury as will failure to provide adequate medical care for serious medical conditions such as the plaintiff has, It can also lead to death.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name — Demario Dontez Walker

All other names by which you have been known: Kiriyama Zyreonia San Givonni

ID Number — 11625

Current Institution — Central Mississippi Correctional Facility

Address — Post Office Box 88550

Pearl                    Ms          39288
City                   State        Zip Code

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name — Pamela Robinson

Job or Title *(if known)* — Director Of Classification / Offender Services

Shield Number — Unknown

Employer — Mississippi Dept Of Corrections

Address — 301 North State Street

Jackson                 MS          39201
City                   State        Zip Code

[X] Individual capacity   [X] Official capacity

Defendant No. 2

Name — Jarita Bivens

Job or Title *(if known)* — Associate Director of Offender Services (ADOS)

Shield Number — Unknown

Employer — South Mississippi Correctional Institute

Address — Post Office Box # 1419

Leakesville              Ms          39451
City                   State        Zip Code

[X] Individual capacity   [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name    Marcus Nelson or Representatives
    Job or Title *(if known)*    Correctional Officer
    Shield Number    Unknown
    Employer    South Mississippi Correctional Institute
    Address    Post Office Box 1419
    Leakesville    MS    39451
    *City*    *State*    *Zip Code*
    [X] Individual capacity  [X] Official capacity

Defendant No. 4
    Name    Jamario Clark
    Job or Title *(if known)*    Correctional Officer
    Shield Number    Unknown
    Employer    South Mississippi Correctional Institute
    Address    Post Office Box 1419
    Leakesville    MS    39451
    *City*    *State*    *Zip Code*
    [X] Individual capacity  [X] Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ] Federal officials (a *Bivens* claim)

    [X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

PART B DEFENDANTS Continued From Page 3

Defendant 5

Name: Chasity Blakely
Title: Case Manager, Unit ID
Shield #: Unknown
Employer: MDOC-South Miss. Correctional Institution (SMCI)
Address: Post Office Box 1419
Leakesville MS 39451
Individual and Offical Capacity

Defendant 6  Name: Angie Hollaway
Title: Associate Warden
Shield#: Unknown
Employer: MDOC-South Miss. Correctional Institution (SMCI)
Address: Post Office Box 1419
Leakesville MS, 39451
Individual and Offical Capacity

Defendant 7.  Name: John Cooshey
Title: SMCI Chief Investigator - CID
Shield: Unknown
Employer: MDOC-South Miss. Correctional Institution (SMCI)
Address: Post Office Box 1419
Leakesville MS, 39451
Individual and Offical Capacity

Defendant 8.  Name: Johnathan Hunt
Title: Integrity Investigator - SMCI ; Central Office
Shield#: Unknown
Employer: Mississippi Department of Corrections (MDOC)
Address: 301 North State Street
Jackson MS 39202

Page 3A.

Part B Continued from Page 3A, Defendants

Defendant 8.

    Name: Jacqualine Banks

    Title: Superintendent of SMCI

    Shield: Unknown

    Employer: South Mississippi Correctional Institution

    Address: Post Office Box 1419

            Leakesville Ms, 39451

            Individual and Offical Capacity

Defendant 9

    Name: Marshall Turner

    Title : Former Warden SMCI2, Current Superintendent MSP

    Shield: Unknown

    Employer: MDOC- Mississippi State Penitentary at parchman (MSP)

    Address: MSP- Parchman Farm Road 12

            Parchman Ms

            Individual and offical capacity

Defendant 10

    Name: Unknown RCSO Jail Officer

    Title : Jail Officer ; Deputy

    Shield: Unknown

    Employer: Rankin county Sheriff Department ; Rankin county Jail

    Address:

            Brandon Ms, 39402

            Individual and offical Capacity

* Continued on Next Page - Page 3C

3B

Continued From Page 3B, Part B Defendants

Defendant 12

    Name: James Spears

    Title: Lt. / Jail Administrator

    Shield: Unknown

    Employer: Rankin county sheriff Dept / Rankin County Jail

    Address

        Brandon Ms, 39402

        Individual and Offical Capacity

Defendant 13

    Name: Buffie or (Buffy), Last Name Unknown

    Title: Nurse

    Shield: Unknown or N/A

    Employer: Rankin county Sheriff Department/Rankin county Jail

    Address

        Brandon MS 39402

        Individual and Offical Capacity

Defendant 14

    Name: Unknown Rankin County Jail Deputy / sgt

    Title: Jailer / Deputy

    Shield: Unknown

    Employer: Rankin county Sheriff Department/Rankin county Jail

    Address:

        Brandon MS, 39402

        Individual and Offical capacity

Defendant 15

    Name: Sara Unknown

    Title: Medical Director, Nurse Supervisor

    Shield: Unknown or N/A

    Employer: Rankin county Sheriff Dept / Rankin County Jail

    Address:

        Brandon Ms 39402

        Individual and Offical Capacity

Continued from Page 3C  Part B Defendants

Defendant 16

Name: Bryan Bailey
Title: Sheriff
Shield: Unknown
Employer: Rankin County Miss; Rankin Co. Sheriff Dept.
Address:
    Brandon Ms, 39402
    Individual and Offical Capacity

Defendant 17

Name: Unknown Doctor
Title: Physician
Shield: None or Unknown
Employer: Rankin County Sheriff Department / Rankin county Jail
Address
    Brandon Ms 39402
    Individual and Offical capacity

Defendant 18

Name: Penny Bufkin
Title: STG Coordnaitor / Investigator
Shield: Unknown
Employer: MDOC - South Mississippi Correctional Instituton (SMCI)
Address: Post office Box 1419
    Leakesville Ms, 39451
    Individual and Offical Capacity

Defendant 19

Name: Rita Bonner
Title: PREA Manager / Coordnaitor SMCI
Shield: Unknone
Employer: MDOC - South Mississippi Correctional Facility (SMCI)
Address P.O. Box 1419
    Leakesville Ms, 39451
    Offical Capacity

        3D.

Continued from Page 3D, Part B Defendants.

Defendant 20:   Name: Nathaniel Cain
                Title: Commissioner Of MDoc
                Shield: Unknown
                Employer: Mississippi Department Of Corrections
                Address: 301 North Lamar Street
                         Jackson Ms 39802
                         Individual and Offical Capacity

Defendant 21.   Name: Ronald W. King
                Title: Superintendent Of CMCF
                Shield: Unknown
                Employer: MDOC - Central Miss. Correctional Facility (CMCF)
                Address: P.O. Box 88550
                         Pearl Mississippi 39288
                         Individual and Offical Capacity

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III.  **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

IV.  **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

—N/A    —N/A—    — N/A —

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

SMCI - South Mississippi Correctional Institute

CMCF - Central Mississippi Correctional Facility

MSP - Mississippi State Penitentiary At Parchman MS

C.    What date and approximate time did the events giving rise to your claim(s) occur? 2016, 2017, 2018 2019, and 2020

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Black Eyes, Back Injury, Head Injury, Swelling of face, mouth, tounge, Hand and Wrist Injury, PTSD, Depression, Rape Trauma Syndrome (RTS) anxiety. — I Did recieve some Treatment, from MDOC, although not Adequate Treatment. I also suffered Weight Loss, Loss of Appitite, and extreme Insomia and Parinoia. I also suffered anal and rectal Tearing, brusing and swelling, Intestinal Injury, and colon Injury for which no medical Treatment was given or recieved.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Declatory Relief - Declaring That the Acts and Omissions of the Defendants did violate the u.s. constitution and rights of the Plaintiff. (B) Injunction Relief - Prohibiting Retaliation, Requiring updated, revised and new Policy on Classification, and Treatment for rape, Reporting and Investigating Rape, Requiring Revising housing policy, Create Apolicy for Treatment, housing, care of gender-non conforming Inmatirs and Transgender Inmates. (C) Compensatory damages in the amount of $500,000 Jointly and Severily against each named Defendant (D) Punitive Damages Jointly and Severaily in the amount of $1,000,000 against each named Defendant (E) Special Damages in amount of 250,000 against each named Defendants (F) Special Damages in amount of $500,000 against each named Defendants

# Complaint With Jury Demand

## Introduction

This is a Civil Rights Action filed by Demario Dontez Walker, a Transgendered pre-operative State Prisoner, for Damages and injunctive relief Under 42 U.S.C. § 1983, alleging excessive use of force, sexual and physical assault, denial and delay of adequate medical conditions, Crule and unusal conditions of confinement and failure to train, supervise and protect in violation of the eighth and fourteenth Amendments to the United States constitution and violation of the Due process clause. The Plaintiff also alleges the torts of assault and battery and negligence.

## Jurisdiction

1. The Court has Jurisdiction over the Plaintiff's claims of violation of Federal Constitutional Rights Under 42 U.S.C. §§ 1331 (1) and 1343.

2. The Court has Supplemental Jurisdiction over the Plaintiff's state law tort law claims Under 28 U.S.C. § 1367

## FACTS

3 Plaintiff Was Processed at CMCf in Early 2015 and again Nov 2018.

4. During The Plaintiff 2015 intake, he was Subsequently initially Classified or Reclassified

5. From 2015 up until June 2018, Plaintiff Was Classified or Reclassified at least (3) Three times

6. During the Plaintiff's 2018 intake, he was Subsequently initially Classified or Reclassified

5A

7. From November 2018 to Present, the Plaintiff has been Reclassified At least (3) Three Times

8. Plaintiff initial and /or Subsequent Classifications did not Consider Plaintiff Sexual Orientation or Gender non-conformity in assigning Plaintiff a Security level or Classification.

9. MDOC's Classification Policy Does Not Consider an Offenders Sexual Orientation or Gender non-conformity in assigning a Security level or Classification.

10. Plaintiff is a Pre-Operative Transgendered and /or a Gender non-conforming inmate.

11. Plaintiff has a Small build and/or frame and or Small Stature

12. Plaintiff has a disability and is Classified by the MDOC as being Disabled.

13. MDOC Classification Policies and Procedures does not Provide for the Safe housing of Pre-Operative Transgendered and /or Gender non-conforming inmates in MDOC, Specifically Demario Walker

14. Plaintiff Was Transfered from CMCF to SMCI, early to Mid 2015

15. SMCI Prison has a higher rate of Violence than CMCF.

16. Plaintiff has a Non-Violent Criminal History and has Not been Convicted of a Crime of Violence

5 B

17. Pamela Robinson is aware that MDOC's Classification Policy Do not Consider gender non-Conformity in housing and /or Classification Of MDOC Offenders.

18. Pamela Robinson disregard dangers Posed to non-Conforming inmates and Specifically to the Plaintiff Demand Dontez Walker.

19. Pamela Robinson Knew of the Potential Risk and Violence Of randomly assigning gender non-Conforming Inmates to Facilities and housing Units which also housed violent and Dangerous Inmates.

20. Pamela Robinson Was aware that the MDOC housed violent and non violent offenders on the same Zones, and units.

21. Pamela Robinson Was aware that the MDOC housed Both Sex Offenders and non-Sex Offenders on the same Zones and units

22. Pamela Robinson was aware that the MDOC housed Gang Members (STG) and non-Gang members on the same Zones and Units.

23. All Minimum and Medium Custody inmates are housed together Regardless of their Crime and or Gang affiliation

24. Pamela Robinson failed to take any Reasonable actions from 2015 to 2020 to Ensure the Saftey and safe housing Of Transgender and gender non-conforming inmates, Specifically the Plaintiff Demario Walker.

5C

25. Pamela Robinson knew of the special dangers and risks of housing all minimum and medium custody offenders together despite their crime and gang affiliation and gender non-conformity and failed to act reasonably in response to the danger. Such policy or custom caused the Plaintiff and all other offenders.

26.    As a Result of MDOC Current and Previous Classification Policy and Procedure Plaintiff Demario Dontez Walker was
    (A) Physically assaulted between 1 and 50 Seperate Times.
    (B) Sexually Assaulted between 1 and 80 Seperate Times
    (C) Extorted


27.    Jarita Bivens knew of and disregarded the Risk of Violence and Sexual assault to the Plaintiff By both Approving his Administrative Reclassification and or Approving his housing in Units 8 and 9 at SMCI

28.    As a result of housing the Plaintiff in unit 9, he was Physically assaulted.

29.    As a result of housing the Plaintiff in unit 8, he was Raped and Sexually assaulted.

30.    Jarita Bivens knew that housing the Plaintiff with Violent Offenders would create a high risk of danger to the Plaintiff.

31    Jarita Bivens knew that Placing Gender Non-Conforming inmates in Close Custody Posed an excessive Risk of Danger for Rape and Assault

5D

32. Tarita Bivens knew that the Plaintiff Demario Dontez Walker was a gender non-conforming offender and that placing Plaintiff in closed custody would subject him to physical and sexual assault

33. Tarita Bivens failed to respond reasonably to the dangers stated in #32

34. Marcus Nelson did observe officer Jamario Clark sexually assaulting the Plaintiff Demario Dontez Walker

35. Marcus Nelson did observe officer Jamario Clark physically assault the Plaintiff Demario Dontez Walker

36. Marcus Nelson did observe numerous inmates physically assault Plaintiff Demario Dontez Walker

37. Marcus Nelson did observe on numerous occasions inmates sexually assaulting the Plaintiff Demario Walker

38. Marcus Nelson knowing that a MDOC employee (Jamario Clark) was sexually assaulting Plaintiff Demario Walker he took no steps nor reasonable actions to stop and/or prevent other assaults by Jamario Clark or other inmates

39. Marcus Nelson did force the Plaintiff to perform oral sex on him on a continuous and ongoing basis

40. Marcus Nelson have sexual intercourse with the Plaintiff on a daily and ongoing basis while at work using violence and force against the Plaintiff

5E

41. Marcus Nelson did Charge Other inmates money to have Sex With the Plaintiff Using Cellular Telephones and Greendots, PayPal, Cash App and Other Pay Apps

42. Marcus Nelson Required Plaintiff to Perform at least 12 Acts of oral Sex and between 5 and 7 Acts Of anal intercourse on a daily Basis.

43. In The Acts alleged in Items 41 and 42 Marcus Nelson Worked in Concert With Jamario Clark and Marshall Turner and Johnathan Hunt

44. Defendants Nelson, Clark, Turner, and Hunt Charged Inmates 30 Dollars for Oral Sex and 70 Dollars for anal Sex 85 Dollars for Both Sexual Acts.

45. Defendant Hunt, Nelson, Turner, and Clark each averaged 150 to 200 Dollars daily from Selling Plaintiff to other Inmates for Sexual Purposes

46. additional inmates Were also being Sold to Other inmates For Sexual Purposes.

47. Defendant Nelson is a gang Member belonging to the Gangsta Organization (gang)

48. During his Employment Marcus Nelson Was Disciplined For introducing Contraband into the South mississippi Correctional Institute (SMCI)

49. Defendant Nelson brought Drugs, Tobacco, and Cell-Phones into the SMCI.

5F

50. Jamario Clark Sexually assaulted Plaintiff on a daily basis and also Physically assaulted the Plaintiff for Resisting or/and Refusing to Participate in anal and oral sex acts with him and other MDOC offenders.

51. Jamario Clark did Sell Plaintiff to other MDOC offender for Purpose of engaging in oral and anal sex acts

52. Jamario Clark is an active member of the Gangsta Organization (gang)

53. Defendant Cane, King, Banks, Turner, Respectively, the MDOC Commissioner and Superintendents of CMCF, SMCI, and MSP are responsible for the conduct, Practices and Policies of their employees and agents, the Mississippi Department of Corrections (MDOC), Central Mississippi Correctional Facility (CMCF), South Mississippi Correctional Institution (SMCI) and the Mississippi State Penitentiary (MSP) and all of their individual members

54. The Mississippi Department of Corrections, its individual members, agents, and employees of Defendants, together with Persons unknown to the Plaintiff, acting under color of law, have subjected and are subjecting Plaintiff to a Pattern of conduct consisting of violence, intimidation and humiliation directed at Plaintiff Solely on account of Sexual Orientation in denial of Rights, Privileges, and Immunities guaranteed Plaintiff by the Constitution of the United States

55. In 2015, 2016, 2017 and 2018, 2019, and 2020 Certain incidents took Place in CMCF, SMCI and MSP which is overwhelmingly occupied by members of the Plaintiff Class and by Plaintiff. Under cover of these incidents members of the MDOC, agents and employees of the defendants acting in concert with Persons

Unknown to Plaintiff, and under Color of law did intensify the Systematic Pattern of Conduct consisting of Violence, intimidation, and humiliation directed against Plaintiff Solely on account of Sexual Orientation.

56. This Systematic Pattern of Conduct Consists of a large number of individual acts of Violence, intimidation and humiliation Visited upon Plaintiff by members of the Mississippi Department Of Corrections, agents, and employees of the defendants, acting in Concert with Persons Unknown to Plaintiff and Under Color of law. These acts of Violence, intimidation, and humiliation, while Carried out under Color of law, have no Justification or excuse in law and are instead gratuitous, illegal, improper, and unrelated to any activity in which Peace Officers may appropriately and legally engage in the Course of Protecting Persons, Property or ensuring Civil Order.

57. Despite the fact that they Knew or Should have Known of the fact that this Pattern of Conduct was and is being Carried out by their agents and employees, members of the MDOC, defendants have taken no Steps or effort whatsoever to order a halt to this Course of Conduct, to make redress to injured Plaintiff or to take any disciplinary actions whatsoever against any of their employees or agents and defendants have in fact Praised and Commended their agents and employees, Such praise and Commendation having the effect of encouraging their agents and Employees to Continue this Pattern of Conduct.

58. MDOC and its individual Members, agents and employees of defendants, acting under Color of law, Continue to Subject Plaintiff to a Pattern of Conduct Consisting of Violence, intimidation and humiliation directed against Plaintiff Solely on account of Sexual Orientation.

5H

59. Defendant Know or should know of this contrivance and are either ratifying it or, if not ratifying it, have so lost control over the conduct, practices, and policies of their employees and agents, the MDOC, and its individual members, as to make effective law enforcement, and rehabilitation impossible. Thus Plaintiff Suffered and Continue to Suffer immediate and irreparable injury for which there is no adequate remedy at law.

60. Defendants Cain, King, Banks, Turner, and Robinson, acting individually or in concert, under color of law, have for many years directed or permitted and are directing and permitting their agents and employees to engage in systematic Physical and Sexual Assaults directed against Plaintiff Solely on account of his Sexual Orientation in violation of due Process and equal Protection of the law guaranteed to Plaintiff Demans Walker by the United States Constitution.

61. This Systematic Pattern of conduct consists of a large number of individual acts of violence, intimidation, and humiliation visited upon the Plaintiff and Other Similarly situated inmates Solely on account of Sexual Orientation, by members of the MDOC, agents and employees of the defendants acting under color of law, These acts while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper and unrelated to any activity in which Police or Peace officers may appropriately and legally engage in the orderly running of a Prison, or in the course of Protecting Persons or Property or Ensuring Civil Order.

62. These acts have included, but not been limited to:

(a) Beating and intimidation and humiliation of Plaintiff without cause or excuse

5I

(B) Sexual Assault without cause or excuse

(C) Habitually referring to Plaintiff with derogatory, humiliating and obscene sexual epithets, and in numerous other ways refusing to accord Plaintiff the respect due citizens by officers of the law.

(D) Utilizing electronic and other devices to compile dossiers on Plaintiff and other similarly situated inmates who attempt to exercise his / their rights under the constitution of the United States.

(E) filing false disciplinary reports and abusing classification process to adversely affect Plaintiff for attempting to exercise her rights under the constitution of the United States and

(F) Refusing to give Plaintiff and those similarly situated proper protection from violence and criminal acts, abuse, mistreatment harassment and discrimination perpetrated against him and Refusing to have charged, jailed, arrested or prosecuted persons, including members of CID and MDOC who commit crimes against the Plaintiff

63. Each of the individual defendants, seperately and in concert acted outside the scope of their Jurisdiction and without authorization of law and each of the individual defendants seperately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his rights to:

(a) Freedom of Speech and Press

(b) Petition the Government for redress of grievances

(c) Freedom from illegal seizure of his Person, Papers and effects

(d) Freedom from illegal detention

(e) Freedom from Physical abuse, coercion, and intimidation

(f) Participate in or enjoy any benefit Provided by federal or state government.

All of these rights are secured to Plaintiff by the Provisions of the 1st amendment and the due Process Clause of the 5th and 14th amendments to the Constitution of the United States and by title 42 United States code Sections 1983 and Section 1985

64. Chasity Blakely Conspired with Johnathan Hunt, Angie Holloway, Vanta Biden, John Cookley, Sean Smith and Russle Houston to Prevent me, the Plaintiff from Petitioning the court for redress by engaging in abusive institutional Practices, i.e. Taking and destroying grievances, files, Paperwork, assigning Plaintiff to dangerous housing and manipulating Plaintiff classification.

### Allegations As To Conspiracy

65. Plaintiff Realleges Paragraphs 1 through 64 of his Complaint.

66. On all dates relevant to this Complaint or on or Prior to the Dates of this Complaint in the Cities of, Jackson, Pearl, Leakesville and Parchman, State of Mississippi Marshall Turner, Jacqualine Banks, Johnathan Hunt, Marcus Nelson and Jamario Clark, Defendants, and the each of them, in violation of title 42 USC § 1985(2), did conspire and agree between themselves and with other Persons whose names are Presently unknown to Plaintiff, for the Purpose of impeding, hindering, Obstructing or defeating the Due course of Justice in the State of Mississippi and with the intent to deny to the Plaintiff Demario Walker

5K

the equal Protection of the laws because of his gender and sexual orientation and to injure Plaintiff Demario Walker for lawfully attempting to obtain his rights under the Constitution and laws of the United States to the equal Protection of the laws.

67. In futherance of the Object of said Conspiracy one or more of said defendants did do or cause to be done the acts set forth in Paragraphs 1 through ___ of this complaint and in violation of 42 USC § 1985 (3), did thereby injure Plaintiff Demario Walker in his Person and deprive him of having and exercising his rights and Privileges under the Constitution and laws of the United States and the Constitution and laws of the state of Mississippi as set forth in this complaint.

68. Defendant Jamario Clark while working as Kitchen Officer during Feburary 2016 through September 2018 did call Plaintiff to work in the SMCI 2 dinning Hall.

69. Plaintiff was assigned to Work as a "Clerk" in SMCI 2 dinning Hall, which consisted of Keeping track of the units Fed, the Serving Utensils and Placing the correct amount of food on the Serving lines to feed each unit.

70. After feeding is completed Plaintiff Cleaned Officers office and Bathrooms while in the Performance of these duties Jamario Clark forced the Plaintiff to Perform oral Sex upon him.

71. While Performing his duties as "Clerk", Officer Jamario Clark forced Plaintiff to have Anal Sex with Jamario Clark and numerous other inmates on a daily basis

72. The events or allegations Described and stated in Paragraphs 70 and 71 was and is Continuous in nature occuring more than 150 times

73. After feeding was Completed Plaintiff was not allowed to return to his Unit. Jamario Clark and Marcus Nelson called between 3 to 6 inmates to SMCI 2 dinning hall and forced Plaintiff Demario Walker to have either anal and oral sex or Both with these inmates against the will of the Plaintiff Demario Walker.

74. The allegations in Paragraph 73 is ongoing and occuring at least 3 times a week sometimes more.

75. After feeding was Completed, Plaintiff Cleaned the Kitchen Officers Officers and bathrooms at area 2 Dinning hall. While in the Performance of these duties Marcus Nelson forced the Plaintiff to Perform oral sex upon him and engage in anal sex with him against the will of the Plaintiff Demario Walker.

76. The acts alleged in Paragraphs 70 through 75 were committed either on the Instructions of Defendants Marshall Turner and Johnathan Hunt with the knowledge and consent of Defendants Cooskey, Banks, Houston or were thereafter approved by them.

77. Defendants Turner, Clark, Nelson, Banks, and Hunt were Compensated by the inmates who engaged in sexual acts with Plaintiff

78 Defendants Named in Paragraph 77 Were Paid average between 100.00 (One Hundred Dollars) and 180.00 (One Hundred eighty Dollars) Per inmate that obtained Sex from Plaintiff.

### Allegations of Physical Abuse

79. Plaintiff was Physically assaulted by Defendants Turner, Clark, Nelson, And Hunt for failure to Comply with Sexual Demands of defendants Nelson, Clark and Hunt.

5M

80. On at least 6 occasions Defendants Clark and Nelson. Punched Plaintiff in the stomach and slapped him several times in the face.

81. These types of assaults were ongoing in nature and numerous as alleged in Paragraph 80.

82. On several occasions Defendants Nelson and Turner Punched Plaintiff in various locations and slapped Plaintiff in the face

83. Plaintiff was assaulted by gang members and other unknown inmates that were and are working in concert with Defendants Clark, Nelson, Turner, and Banks and Hunt by hitting, punching, kicking and slapping the Plaintiff in various locations on his body

84. Defendants Turner, Nelson, Clark, and Hunt forced Plaintiff to put illegal contraband cell phones and Drugs inside his rectum for inmates that they supplied contraband to.

85. The inmates referenced in Paragraph 84 paid between 100.00 (one Hundred Dollars) and $150.00 (one Hundred fifty Dollars) to Defendants Clark, Hunt, Nelson and Turner for Plaintiff to put contraband inside his rectum.

86. The acts alleged in Paragraphs 79 to 85 were committed on the instruction of Defendant Turner and Hunt and were committed with the knowledge and consent of Defendants Cooksey, Banks or were committed and were thereafter approved by Defendants Cooksey and Banks

87. Each of the Defendants, specifically Hunt, Turner, Banks, Hall, Cooksey Seperately and in concert acted outside the scope of their Jurisdiction and without authorization of law and each of the Defendants acted Seperately and in concert acted willfully, knowingly and Purposefully to deprive the Plaintiff of his right to Petition the government for redress

88. Prior to filing lawsuit Numbered 1:17CV 027-RHW Plaintiff had Never Recieved a RVR for Possession of Major Contraband to wit: a Cell Phone.

89. After Complaining or filing lawsuits the Plaintiff Recieved at least (2) Two Rule Violation Reports (RVR's) for Possession of Major Contraband at at least (1) one Rule Violation Report (RVR) for Unauthorized Communication with the Public

90. MDOC Officals Are Considered "the Public" for the Purpose of the Rule Violation Report (RVR) for Unauthorized Communication with the Public RVR.

91. Plaintiff Must get Authorization to Contact MDOC Officals

92. Plaintiff Was Removed from his Job in the Garment Shop

93. Plaintiff Was Removed from his Job as Unit Support

94. Plaintiff Was Administratively Reclassified to Close Custody

95. Plaintiff Was transfered to a harsher Unit. Transfered from Unit 10 to Unit 9 and from Unit 9 to Unit 8.

96. Plaintiff had red-Tag Placed against Freddenick Thompson against his (Plaintiff) will, and Because of Plaintiff's Sexual Orientation and Freddenick Thompson attempt to Prevent the Plaintiff from being Sexually assaulted

97. the allegations made in Paragraphs 89 through 96 was done in retaliation of and as a result of Plaintiff filing grievances writing letters to third Parties and Prison Administrators and Seeking Judicial Review of the alleged events.

98. The acts alleged in Paragraphs 88 through 97 were committed either on the instructions of Defendant Turner, Holloway, Bivens Blakely, Banks or were committed with the knowledge and Consent of Defendants Turner, Holloway, Bivens, Blakely, Banks Hunt and Hill or were thereafter approved by them.

99. On and between the dates of May 2015 Until Present Plaintiff was and continues to be Sexually Assaulted by MDOC staff and inmates

100. On or about august 22, 2017 Plaintiff Demond Walker was "administratively Reclassified" to the highest Security level in MDOC (Close Custody) and moved to Unit 9.

101. Unit 9 was not during that time and is not Currently a C-Custody housing Unit.

102. While on Unit 10 Plaintiff did not Cause any Serious or Major Problems with staff or inmates

103. Unit 9 is a Unit or was So during the relevant time Period a Unit ran and Operated by gang members.

104. Walker was forced into Sexual Slavery or involuntary Prostitution

105. All Plaintiff efforts to report the Claims or Issues in this suit to MDOC administratively or via grievances has been and Continues to be impeded. Plaintiff was threatened with RVR's, administrative reclassification, and assault if Plaintiff wrote any ARP or grievances filed required answers to any Pending ARP grievances and told that all grievances would be Placed on Permanent backlog or "referred to CID" which would Be given to the "Integrity Investigator"

5 P

106. Plaintiff was not given adequate medical and mental health treatments for or relating to being physically and sexually assaulted by staff or inmates

107 To the extent that medical and mental health care was given said medical staff are not properly trained and not adequately supervised and are left to operate in a vacuum without Physician supervision or guideance from written Protocols. Medical and Mental Health staff received no or inadequate service training relating to Rape, Homosexual Rape, Rape Trauma Syndrome and failed to recieve continuing education to ensure that they were and are adequately trained.

108. Defendants Cain, Hall, Turner, King, has no constitutionally adequate Procedure to ensure review of quality of medical care, medical Records, and/or appropriate treatment and care of Sexual Assault Victims nor review records to evaluate the delivery of care nor subject Records to Peer Review

109. MDOC Medical Records are not sufficiently organized and thruogh to allow provision of adequate medical care and mental health care to Plaintiff and all other offenders

110. Mental Health staffing levels are seriously deficient, Screening and referral mechanisms are inadequate

111. Defendants King, Cain, Turner, Banks and Hall knew that they were subjecting Plaintiff and inmate Population to substantial Risk of Serious harms by virtue of Utter failure to Provide adequate medical and Mental Health care in view of the fact and information of which they were aware and the fact that the need for medical and Psychiatric Services and the risk for failing to address the need were and is still Patiently Obvious.

5 Q

112. MDOC Defendants Cain, Hall, Turner and King and Banks operates without enough doctors and properly trained and supervised medical personnel to meet the needs of MDOC's inmate population. This numerical inadequacy contributes significantly to the failure

113 MDOC has a Physician/Inmate Ratio of approx. 1:500 or more

114. The absence of Physician Supervision of Medical Technical Assistants (MTA's), Nurses, and Nurse Practioners effects quality of care, as MTA's and Nurse Practioners play a critical role in inmate medical treatment by performing Initial Triage and evaluations

115. Defendant Hunt did fire two rounds from a 38 millimeter gas gun, striking Walker in the chest and stomach Walker towards him and hit Walker in the head with the butt of the gun knocking Walker unconscious, when Walker reagined consciousness Defendant Hunt was stepping on the calves legs, knees and hands of the Plaintiff striking Walker with a baton.

116. Plaintiff Did Recieve a seven (7) centermeter by (8) eight centimeter avulsion with a Deep groove under flap of scap that appeared one half (½) centermeter plus Deep running from the frontal to the Parietal area of the skull

117. Defendant Hunt did enter Plaintiff cell hitting Plaintiff in the chest area with shield forcing Plaintiff against the wall. Officer/Defendant Clark armed with baton began rapidly and repetitiously striking Plaintiff shoulder and clavicle with baton Defendants Clark and Nelson Puts Restraints on Plaintiff as others arrived with multiple weapons each weapon was used more than once. An undeniably massive combination of weapons and manpower especially considering that the Plaintiff was unarmed, disabled physically and already behind a Door.

5 R

118. There is a Policy (general) for Use of force. There is none or few Departmental level Policies and few or none institutional level Policies Or "Post Orders" which guide staff / Defendants through their specific duties. The lack of Policies lacked necessary Clarity and consistency to Promote and Provide meaningful Guideance on the use of force in all Areas and the absence of authoritative written Guidelines allows Policy to shift according to the Predilections of mid level staff

119. Defendants Cain, Hall, King, Turner failed to Provide adequate Instructions to MDOC Officers and Defendants regarding the use of force and Chemical Agents and Defendants are not and do not recieve Adequate Use of force Training.

120. Such Cell Extractions are employed on a Routine basis as a reasonable Practice, grossly excessive, utterly unbelievable, and without Parrellel in Present day modern American Corrections

121 Senior Prison Administrators have abdicated their responsibility in the area Of Supervision of the use of force and their is a near total absence of meaningful Supervision of the application of force at MDOC, CMCF, SMCI, and MSP

122. Sean Smith, John Cooskey, and Russle Houston are Responsible for the Investigation of conduct by MDOC Employees. Investigation of Misconduct by MDOC employees are Primarily Investigated by (CID) Corrections Investigation Division. The Responsibilities of CID are Two (2) fold, First it is to identify allegations of Misconduct that required further investigation and Second (2nd) is to conduct the investigation and Prepare a report with respect to each allegations.

123 The fact finding Process of interviewing witnesses and obtaining Pertinent Medical Reports functions satisfactorily, it is the evaluation of the information obtained that the Process loses all its integrity.

55

124. The Corrections Investigation Division applies standards more consistent with Criminal than Civil or administrative Proceedings an inmates allegations of excessive force, sexual assault, Rape, and Physical assault or other wrongdoing will only be sustained if the wrongdoings were "Clearly Proved with certainty" or beyond a Reasonable doubt

125. Because inmates must establish the misuse of force, Violence, sexual assault, Physical assault and Extortion or other wrongdoings or misconduct "Conclusively" and by evidence that "excludes every Possibility" other than officer misconduct, inmates will never Prevail.

126. As long as some theoretically Possible Version of Events Exculpates the officer, it will be relied upon to avoid a finding of Culpability even though it may be highly improbable and lack any credible basis in the record.

127. MDOC/CID has for the most Part, abandoned any notion of reasoned analysis in favor of absolving Prison officials of any fault.

128. Defendants Smith, Turner, Banks, Cooskey and Hunt Violated their 8th amendment obligation and duty to Protect Plaintiff from assault by other inmates and staff.

## Cell Housing Practices

129. Plaintiff and all inmates in MDOC state Prisons (SMCI) (CMCF) (MSP) Suffer a Pervasive risk of assault by their cell and Zone mates Because Defendants King, Turner, Robinson, Hall and cain, Bivens and Holloway do not routinely ensure that cell and Zone or Bunk mates do not have a history of assaulting their cell, zone or bunk mates

124. Cell and Dorm Assignment decisions are made randomly by Sergeants, Lieutants, Captains, Associate Wardens, Director of Classification, Defendants Turner, Bivens, Holloway, Robinson, Banks, Blakely, and King and MDOC employees who do not have a written policy that set forth criteria to be used in making Cell, Dorm, and Unit assignments decisions for either General Population inmates or Maximum Security Segregation Inmates. The MDOC do not consider, ethnicity, age, length of sentence, STG membership, Criminal Offense, RVRs, Propensity for violence, institutional history, health, Sexual Orientation, gender non conformity, victimization history or medical history in assigning Cell, beds, Dorms or Units.

General Allegations as to RCJ Defendants

125. From 2015 to Present date, Plaintiff has been housed in the rankin County Jail on multiple occassions.

126. Durring each of these occassions the Plaintiff was either in the physical or legal custody of MDOC or under MDOC supervision while either on Probation or Parole

127. Plaintiff is and Was at all times considered an MDOC Inmate and although conditionally Released at times was not Discharged from the MDOC legal custody.

128. And Plaintiff at times was either an actual inmate in MDOC serving a sentence imposed by a Circuit Court Judge or an MDOC inmate on Probation or Parole under the supervision of the MDOC.

129. As an inmate in the actual legal and physical custody of the MDOC May use the Administrative Remedy Program, So can inmates that are conditionally released on Probation, Parole, or ERS.

54

130. Plaintiff was given a medical screening by a Jail Officer

131. Plaintiff initial Jail intake Screening (Medical) was Subsequently Screened by a Jail Nurse.

132. Plaintiff Jail intake (Medical) was NOT Reviewed by a Medical Doctor Nor Nurse Practioner Nor Physician Assistant

134. Plaintiff Jail Intake was NOT Reviewed by Mental Health Staff ( Medical/Mental Health intake)

135 Paragraphs 130 thru 134 refers to Any and all Jail Intakes of the Plaintiff at Rankin county Jail.

136. Plaintiff Reported to Jail staff that he has Diabetes, Seizures, Sickle Cell Anemia, Asthma, Heart Mummur,

137. Plaintiff Reported to Jail Staff that he Suffers from Depression, Anxiety, PTSD, Parinoia Schizophenia

138. No Medical Doctor was at RCJ on a Daily Basis

139. Most all Orders was Done by Telephone, based on Reports by Jail Nursing Staff

140. Jail Nursing Staff is not Under daily immediate Supervision of a Medical Doctor, Nurse Practioner or Physician Assistant

141. RCJ has No Medical Director or Medical Supervisor

142. Nurse Buffie (Buffy) Refused to treat or Provide Medical Care for Plaintiff Diabetes Condition

143. Based Upon Nurse Defendant Buffie Statements to Medical Doctor Insulin was Discontinued to Plaintiff

5V

144. Nurse Buffie Refused to Provide and Treatment to Plaintiff for Daibetes or Sickle Cell anemia

145. When Plaintiff arrived at Jail, he Provided RCJ officals with a Release of Information (ROI) to obtain his Medical Records

146. Plaintiff Medical Records Showed that at least Two or more Doctors treated Plaintiff for Diabetes, Seizures, Sickle Cell and asthsma.

147. Nurse Buffie and RCJ contract Medical Doctor Disresarded the Plaintiff's medical Records and Previous medical DIOgnosis

148. Plaintiff had active Prescriptions for or orders for Insulin Hydroxuriea (sic) Dilantin and Depakote (sic) Xopenex (sic) Folic Acid, simvastatin (sic), and Metformin (sic)

149. While At RCJ There were Times that the Plaintiff Was not on or given an Diabetic or ADA Diet.

150. No RCJ Jail offical or medical Staff Saw or Observed the Plaintiff manipulate his glucose or Blood sugar levels.

151. The Allegation that Plaintiff was manipulating his blood Sugar levels was based on nothing more than Suspicion and or at the most circumstantial evidence.

152. Defendants Bailey and Spears operates RCJ without enough Doctors and Nurses or Both and Properly trained and Supervised Medical Personnel to meet the needs of the Inmate Population. This numerical inadequacy Contributes Significantly to the failure of the RCJ medical System as a whole.

153. Medical training at RCJ is virtually Non-Existent and Supervision is woefully deficient

154. The absence of Physician Supervision of RCJ Nurses and lack of Physician Supervision, Effects the quality of care as Nurses play a critical role in who is ___ by a Doctor, when seen by a doctor and in treatment of Plaintiff by Performing initial triage.

155. Adequate medical Records and complete medical records are essential to adequate medical care as medical Providers must know the patients medical History, allergies, medications and past courses of therapy in order to Properly diagnose and treat current medical problems.

156. Without adequate and through records medical Providers run the Risk of Prescribing contraindicted Medications, failing to notice ongoing illnesses or ordering inappropriate or even dangerous courses of treatment

157. Despite the dangers stated in Paragraph #156, And RCJ, and Defendant Dailey, Buffie, and Spears knowledge of them, RCJ medical Record system is disorganized, incomplete, and inaccurate, making it impossible to understand what is going on with RCJ inmate Patients (Plaintiff) which in turns Prevents Plaintiff and RCJ inmates from obtaining adequate Health care

158. Once returning to MDOC Plaintiff was immediately Placed Back on insulin

159. Plaintiff has been Seen by Doctors William Brazier, and Ronald Woodall and also by Nurse Practioner Aubree Davis (sic) and Nina Waltzer(sic), Nurse Practioner Angela Brown, and Nurse Practioner Sandra Henry (sic) and all Placed Plaintiff on insulin and sickle cell Medications or continued them Despite RCJ Disagreement

5 X

160. Plaintiff medical Records from MDOC indicates that he is a Diabetic and has Sickle Cell anemia

161 Plaintiff Medical Records from Ment hearth indicates that he is a Diabetic and has Sickle Cell anemia

162. Plaintiff medical Records from The Greene County Jail do indicate Plaintiff is a diabetic and has Sickle Cell anemia

163. Plaintiff medical Records from Lamar county Jail indicates that he has Sickle Cell and Diabetes

164. Medical Records from UMC indicates that Plaintiff is a Diabetic and has Sickle Cell anemia

165 Medical Records from Bapist medical / Bapist Hospital Jackson miss. indicates Plaintiff has Diabetes and Sickle Cell anemia

166. Medical Records from Montgomery county Jail, in montgomery Alabama, indicates that the Plaintiff has Diabetes and Sickle Cell anemia

167. Medical Records from Baptist-Hoover indicates that the Plaintiff has diabetes and Sickle Cell anemia

168. Medical Records from Jackson Free Clinic indicates that Plaintiff has diabetes and Sickle Cell anemia

169. Medical Records from Jeffersondavis County Jail indicates that Plaintiff has diabetes and Sickle Cell anemia

170. RCJ Defendants Buffie, Spears, and Bailey asserts that all Hospitals, Jails, Prisons and Clinics listed in Paragraphs 160 Through 169 are wrong and incorrect in their diagnosis of Plaintiff

5Y

171. Defendants Bailey and Spears, respectively the sheriff of Rankin County, Mississippi and Jail Administrator are responsible for conduct, practices and policies of their employees and agents, the Sheriff Department and all of its individual members.

172. The Rankin County Sheriff Department, its individual members, agents and employees of the defendants Bailey and Spears together with persons unknown to Plaintiff, acting under color of law, have subjected and are subjecting Plaintiff to a pattern of conduct consisting of violence, intimidation and humiliation, directed at Plaintiff on account of race and sexual orientation, in denial of rights, privileges, and immunities granted and guaranteed Plaintiff by the constitution of the United States and the constitution of the State of Mississippi.

173. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation and humiliation visited upon the Plaintiff by members of the Rankin County Sheriff's Department, agents and employees of defendant Bailey and James Spears, acting in concert with persons unknown to Plaintiff and under color of law. These acts of violence, intimidation and humiliation, while carried out under color of law have no justification or excuse in law, and are instead gratuitous, illegal, improper and and unrelated to any activity which police may properly and appropriately and legally engage in the course of protecting prisoners, detainees, persons, property or ensuring civil order.

174. Despite the fact that they knew or should have known of the fact that this pattern of conduct was and is being carried out by their agents and employees, members of the Rankin County Sheriff Department, Defendants have taken no step or effort whatever to order a halt to this course of conduct, to make redress to injured Plaintiff or take any disciplinary action whatever against any of their employees or agents

52

175. and defendants have in fact Praised and Commended their agents and employees, Such Praise and commendation having the effect of encouraging their agents and their employees to continue this Pattern of conduct.

176 The Rankin County Sheriff Department and its individual members, agents and employees of Defendants, acting under color of law, continue to Subject Plaintiff to a Pattern of conduct consisting of violence, intimidation, and humiliation directed against Plaintiff solely on account of race and Sexual Orientation.

177. Defendants Baily and Spears knew or should know of this continuance and are either ratifying it or, if not ratifying it have so lost control over the conduct, Practices, and Policies of their employees and agents, the rankin County Sheriff Dept and its individual members, as to make effective law enforcement impossible. Thus Plaintiff have suffered and continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

178. Defendants Bailey, and Spears acting individually or in concert under color of law, have for many years directed or Permitted and are directing and Permitting their agents and employees, the Rankin County Sheriff Department and the Rankin County Jail to engage in a systematic Pattern of conduct consisting of violence, intimidation and humiliation, directed against Plaintiff solely on account of race and Sexual Orientation in violation of due Process and equal Protection of the laws guaranteed to Plaintiff by the United States constitution

179. These acts have included, but not been limited to:

(a) Beating and intimidation and humiliation of members of the African American race and Homosexuals

5AA

(b) Habitually referring to Plaintiff with derogatory, humiliating and obscene racial epithets and in numerous other ways refusing to accord Plaintiff the respect due citizens by officers of the law.

(c) Arresting African Americans and Homosexuals, for attempting to exercise their rights under the constitutions of the United States and State of Mississippi.

(d) Utilizing electronic and other devices to compile dossiers on Plaintiff who attempt to exercise their/his rights under the constitutions of the United States and the State of Mississippi

(e) Refusing to give plaintiff and similarly situated individuals proper protection from criminal acts perpetrated against them and refusing to arrest persons, including members of the rankin county sheriff department who committed crimes against plaintiff

18D. Each of the individual Defendants Bailey, Spears, and Unknown Jail Officer and unknown Jail Sgt Separately and in concert acted outside the scope of their Jurisdiction and without authorization of law and each of the Defendants, separately and in concert, acted willfully, knowingly and Purposefully with the specific intent to deprive Plaintiff of his right to:

(a) Freedom of Speech and Press
(b) to Petition the government for redress of grievances
(c) Freedom from illegal Search and Seizure of his papers + effects
(d) Freedom from physical Abuse, coercion and intimidation
(e) Timely and effective assistance of counsel and advice of counsel
(f) Participation in or enjoyment of any benefit or service provided by the federal or state government

All of these rights are secured to Plaintiff by provisions of the 1st amendment and the due process clause of the 5th and 14th Amendments

5BB

181. On all dates relevant to this Complaint, or on or prior to the dates of this Complaint in the City of Brandon, State Mississippi, James Spears, Unknown Jail Officer and Unknown Jail Sgt and each of them in violation of title 42 U.S.C. § 1985 (2), did Conspire and agree between themselves and with other persons, whose names are presently unknown to Plaintiff, for the purpose of impeding, hindering, obstructing, or defeating the due process of justice in the State of Mississippi and with intent to deny to Plaintiff Demario Walker the equal protection of the laws because of his Race and Sexual orientation and to injure the Plaintiff Demario Walker for lawfully attempting to obtain his rights under the Constitutions of the State of Mississippi and the United States to equal Protection of the laws and to Petition the government for redress

182. In furtherance of the object of said conspiracy one or more of said defendants did do or cause to be done the acts set forth in Paragraphs ____ through ____ of this complaint and in violation of 42 U.S.C. § 1985 (3), did thereby injure Plaintiff Demario Walker in his Person and deprive him of having and exercising his rights and Privileges under the Constitution and laws of the United States and the State of Mississippi as set forth in this complaint.

183. Unknown Jail Officer did enter South Unit and sexually assault the Plaintiff by forcing the Plaintiff to engage in oral and anal sex against the will of the Plaintiff by Putting the Plaintiff in immediate fear of injury to his Person

184. Unknown Jail Sgt along with Unknown Jail Officer did Push, Punch, kick and mace the Plaintiff in South foyer area and in Cell area without Provocation and refused to Provide medical treatment afterwards

185. James Spears Refused to Provide Grievance or respond to letters written Requesting a grievance to Prevent review of incidents and Prevent Exhaustion.

5CC

186 Plaintiff obtained a grievance from an unknown Jail employee and submitted it for Review and Consideration. As a result Plaintiff was given Numerous write ups which was heard by Lt. Roosevelt.

## Claims for Relief

187. The Actions of defendants Hunt, Clark, Turner, Nelson, Unknown Jail Officer and Unknown Jail Sgt in using Physical force against the Plaintiff without need or Provocation, or in failing to intervene to Prevent the misuse of force were done maliciously and sadistically and Constituted Cruel and Unusual Punishment in violation of the 8th Amendment of the United States Constitution.

188. The actions of defendants Hunt, Clark, Turner, Nelson, Unknown Jail Officer and Unknown Jail Sgt in using Physical force against Plaintiff without need or Provocation Constituted the tort of Assault and Battery under the law of Mississippi.

189. The failure of defendants Hall, Cain, Turner, King, Crosbey, Smith + Hunt to take disciplinary or other actions to Curb the known Pattern of Physical Abuse and Sexual Abuse of Plaintiff by other Inmates and Officers Constituted deliberate indifference to the Plaintiff and other Prisoners saftey and contributed to and Proximately Cause the above described violation of the 8th Amendment and Assault and battery

## Relief

190. Wherefore Plaintiff demands Judgement against the Defendants and each of them, Jointly and Severally, in the amount of one million Dollars ($1,000,000) and he further demands Punitive damages against the defendants, and each of them, Jointly and Severally, in the amount of one million Dollars ($1,000,000)

5DD

191    For Judgement against the County of Rankin, a Political
Subdivision of the State of Mississippi for a Sum in the
amount of any Judgement that may be rendered against
Defendants Bailey, Spears, and Unknown Jail officer and Sgt

See Complaint for more.

Demario Dontez Walker

08/20/20

5EE

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[X] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). CMCF, SMCI, MSP — Submitted To JLAP and also letters to Jerry Williams and Pelicia Hall, also having Jacob Heward contact MDOC on my behalf Due to Interference with the ability to file complaints, ignoring complaints, or maliciously rejecting ARP's

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[X] Yes — This procedure is not always available to certain inmates

[ ] No    specifically this plaintiff who has been labled as a "special" inmate who will be denied access by having ARP's

[ ] Do not know thrown away, shreded, denied, rejected, delayed or he is threatened with personal harm or subjected to abusive institutional practices

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[Y] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)? I believe all of them, but it is possible that it does not as individual claims are not listed, but groups or categories are listed and it may or may not fall under one of them depending on who is filing the grievance and who it is against and wether or not you are classified as a "problem" inmate.

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

Grievances were filed At All Institutions, or At least Properly submitted by plaintiff, however the Institutions has a custom or Practice of not filing complaints and Destroying them

2.  What did you claim in your grievance? There were Several Complaints. Classification, Rape, housing, Medical Care, gang violence Personal Abuse, Conditions of Confinement, Retaliation

3.  What was the result, if any? No Responses on Several. Advised That they had no "Record" of ARPs alleged. When Attempted To Refile, Denied as untimely, or was Threatened with Disciplinary, or Personal harm and other forms of Abusive Institutional Practices.

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* Appealed to Extent That Allowed, Or To the extent That Appealing would not pose A Danger to Health, saftey and Wel-fair of the Plaintiff.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

[✓]  Yes

[ ]  No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)    Demario Dontez Walker
     Defendant(s)    Angie Hollaway, et al

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     USDC, Southern District, Southern Division

3.   Docket or index number
     1:17CV244-LG-RPM

4.   Name of Judge assigned to your case
     Louis Gurolia Jr. & Robert P. Myers

5.   Approximate date of filing lawsuit
     Sept 7, 2017

6.   Is the case still pending?

     ☐ Yes

     ☒ No

     If no, give the approximate date of disposition.   August 10, 2020

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     Dismissed w/o Prejudice

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____ n|a _____
     Defendant(s) _____ n|a _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     _____ n|a _____

3.   Docket or index number
     _____ n|a _____

4.   Name of Judge assigned to your case
     _____ n|a _____

5.   Approximate date of filing lawsuit
     _____ n|a _____

6.   Is the case still pending?

     ☐ Yes

     ☒ No

     If no, give the approximate date of disposition _____ n|a _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     _____ n|a _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I Further Sign under the peralty of perjury

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    August 17, 2020

Signature of Plaintiff    Demario Dontez Walker

Printed Name of Plaintiff    Demario Dontez Walker

Prison Identification #    L1625

Prison Address    P.O. BOX 88550

Pearl                MS        39288
           City              State        Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney    Demario D. Walker

Bar Number    L1625

Name of Law Firm    Miss. Dept. of Corrections

Address    301 N. State St

Pearl                MS        39288
           City              State        Zip Code

Telephone Number    n/a

E-mail Address    n/a